NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DONNA G. VILLA, *Appellant.*

No. 1 CA-CR 18-0573
FILED 9-5-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-115971-001
The Honorable Annalaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

_____

**S W A N N**, Chief Judge:

**¶1**	This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Donna G. Villa's conviction and sentence for aggravated assault. Neither Villa nor her counsel identify any issues for appeal. We have reviewed the record for fundamental error. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We find none.

**¶2**	At trial, the state presented evidence of the following facts. On January 4, 2017, one of Villa's friends called 911 because Villa had texted her several times and asked her to call the police regarding her son, who had a history of violence. When police arrived at Villa's apartment, Villa answered the door and ultimately invited the police officers inside to perform a welfare check, saying that her son had left. After checking the inside of the apartment, the police officers found Villa's son hiding outside on the patio and took him into custody.

**¶3**	While one officer placed Villa's son in the patrol car, the other officer stayed upstairs with Villa. Villa became visibly agitated and began yelling at the police officer, telling her to leave. Villa began approaching the officer and the officer tried to create distance between her and Villa by holding her arm out in front of her. Villa began hitting the police officer, leaving red marks on the officer's cheek. The officer placed Villa in handcuffs and detained her. Villa was charged with aggravated assault.

**¶4**	The court denied Villa's motion for a judgment of acquittal under Ariz. R. Crim. P. ("Rule") 20. The jury found Villa guilty of aggravated assault, and the court sentenced her to 2 years of probation.

**¶5**	We detect no fundamental error. Villa was present and represented at all critical stages. The jury was properly comprised under A.R.S. § 21-102 and was properly instructed. The jury's verdict was supported by sufficient evidence.

**¶6**      A person commits assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" or by "[k]nowingly touching another person with the intent to injure, insult or provoke such person." A.R.S. § 13-1203(A)(1), (3). Assault is elevated to aggravated assault if the person commits the assault knowing that the victim is a peace officer. A.R.S. § 13-1204(A)(8)(a). Here, the state's evidence clearly established that Villa attacked the police officer and that the officer sustained injuries on her face as a result. The court imposed a lawful probation term for aggravated assault under A.R.S. §§ 13-1204, -901, and -902.

**¶7**      We affirm. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Villa of the status of this appeal and her future options. *Id.* Villa has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Rule 31.21(b)(2)(A). Upon the court's own motion, Villa has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Rule 31.20(c).



AMY M. WOOD • Clerk of the Court
FILED: AA